IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No:  BK 10 - |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT NO. 528 OF DOUGLAS | ) | DISCLOSURE STATEMENT |
| COUNTY, NEBRASKA | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

Sanitary and Improvement District No. 528 of Douglas County, Nebraska ("SID #528), pursuant to 11 U.S.C. § 901 et seq. and 1125, provides this disclosure statement to all parties in interest in this case for the purpose of providing them information which SID #528 considers adequate to enable such parties in interest, according to their claims in interest, to make an informed judgment about SID #528's proposed Plan of Adjustment ("Plan") and on the basis thereof to exercise the voting rights provided them under the Plan and applicable provisions of Chapter 9 of the Bankruptcy Code.

THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT OF SID #528 CONSTITUTE THE STATEMENTS AND REPRESENTATIONS OF SID #528. NO WARRANTY IS INTENDED OR IMPLIED AS TO ACCURACY OR ADEQUACY OF DATA PRESENTED OR OPINIONS EXPRESSED, NOR MAY A CREDITOR OR OTHER PERSON CONSTRUE THAT ANY DATA PROVIDED BY OR RECOMMENDATION MADE BY SID #528'S COUNSEL, FULLENKAMP, DOYLE & JOBEUN; SID #528'S FISCAL AGENT, KUEHL CAPITAL CORPORATION; SID #528'S BOND COUNSEL, BAIRD HOLM LLP; SID #528'S AUDITOR, JONES & LOWE, P.C.; AWERKAMP, GOODNIGHT, SCHWALLER & NELSON, P.C., ITS ACCOUNTANT; FIRST NATIONAL CAPITAL MARKETS, INC. AS AGENT FOR THE PURCHASER FIRST NATIONAL BANK OF OMAHA; FIRST NATIONAL BANK OF OMAHA AND SID #528's BOARD OF TRUSTEES; IS WARRANTED AS TO THE ACCURACY AND ADEQUACY OF THE CONTENTS OF THE TEXT OF THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT. NO DEALER, BROKER, SALESMAN, OR OTHER PERSON HAS BEEN

AUTHORIZED BY SID #528 TO GIVE ANY INFORMATION OR MAKE ANY REPRESENTATION OTHER THAN IS SET OUT BY SID #528 IN THE DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.

NO REPRESENTATIONS CONCERNING SID #528 OR THIS PLAN, PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS OR VALUES OF ITS PROPERTIES, ARE AUTHORIZED BY SID #528 EXCEPT AS SET FORTH IN THIS DISCLOSURE STATEMENT. YOU SHOULD RELY ON NO REPRESENTATIONS OR INDUCEMENTS OFFERED TO SECURE YOUR ACCEPTANCE OTHER THAN THOSE CONTAINED IN THIS DISCLOSURE STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS NOT CONTAINED HEREIN SHOULD BE REPORTED TO THE UNDERSIGNED ATTORNEY FOR SID #528, WHO IN TURN SHALL REPORT SUCH INFORMATION TO THE COURT FOR SUCH ACTION AS IT MAY DEEM APPROPRIATE.

THE INFORMATION SET OUT IN THIS DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT HAS BEEN COMPILED ON BEHALF OF SID #528 FROM SOURCES BELIEVED TO BE RELIABLE. THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. COUNSEL FOR SID #528 HAS NOT VERIFIED THE INFORMATION SET FORTH HEREIN BUT HAS NO ACTUAL KNOWLEDGE OF ANY INACCURACIES. THE RECORD KEPT BY SID #528 MAY NOT HAVE ALWAYS BEEN COMPLETE AND THE ACCURACY OF INFORMATION IN THIS DISCLOSURE STATEMENT IS DEPENDANT UPON THE RELIABILITY OF SID #528'S RECORDS. FOR THE FOREGOING REASONS, AS WELL AS BECAUSE OF THE COMPLEXITY OF SID #528'S FINANCIAL MATTERS, SID #528 IS UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH GREAT EFFORT HAS BEEN MADE TO BE ACCURATE, AND THE INFORMATION IS NOT TO BE CONSTRUED AS A REPRESENTATION BY COUNSEL, FISCAL AGENT, UNDERWRITER, AUDITOR OR ACCOUNTANT.

THE INFORMATION AND EXPRESSIONS OF OPINION ARE MADE SUBJECT TO CHANGE AND NEITHER THE DELIVERY OF SAID DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT, NOR THE ACCEPTANCE OF THE PLAN BY THE COURT,

NOR THE EXCHANGE OF SECURITIES, IF ANY, MADE BY CREDITORS OR HOLDERS OF SECURITIES OF SID #528, SHALL CREATE ANY IMPLICATION THAT THERE HAS BEEN NO CHANGE IN THE INFORMATION OR OPINION SET FORTH IN SAID DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT.

ANY PROPOSED PLAN OF EXCHANGE OF SECURITIES AND ANY PROJECTIONS MADE CONCERNING THE PROBABLE OR POSSIBLE RECOVERY OF THE VALUE OF ANY INVESTMENT MADE IN ANY SERIES OR ANY TYPE OF SECURITY OR DEBT INSTRUMENT OF THE DISTRICT IS CONTINGENT UPON A VARIETY OF CIRCUMSTANCES AND CONDITIONS AND THE HOLDER OF ANY CLASS OF SECURITY OR DEBT OF SID #528 ACCEPTS AND ASSUMES ALL RISK AS TO THE ABILITY OF SID #528 TO MEET ITS OBLIGATIONS UNDER ANY PLAN OF ADJUSTMENT ULTIMATELY CONFIRMED BY THE BANKRUPTCY COURT. FURTHER, NO ASSURANCES ARE GIVEN OR IMPLIED THAT THE PLAN AS INITIALLY PROPOSED OR SUCH PLAN AS MIGHT FINALLY BE CONFIRMED BY THE BANKRUPTCY REPRESENTS THE BEST PLAN OR THAT OTHER ALTERNATIVES MAY OR MAY NOT EXIST WHICH MIGHT RESULT IN A GREATER OR LESSER RECOVERY OF ASSETS BY ANY CREDITOR OR HOLDER OF SECURITIES OF SID #528.

## BACKGROUND

SID #528 is a sanitary and improvement district formed pursuant to the Statutes of the State of Nebraska. Neb. Rev. St. § 31-727 et seq. A sanitary and improvement district is a body corporate and politic of the State of Nebraska, much like a small city or village, except that it does not have the police powers one normally associates with those entities, and in fact is specifically limited to certain functions. The primary function of a sanitary and improvement district is to install and maintain public improvements, i.e. streets, sewers, recreational facilities, water lines, electrical and gas mains, and other public improvements associated with residential and commercial subdivisions.

SID #528 was formed on August 11, 2005 to develop a residential subdivision in Douglas County to be known as "Stratford Park". SID #528 paid for the cost of the public improvements in the Stratford Park subdivision, such as streets, sewers, water lines, electrical and gas mains,

and storm and sanitary sewers by issuing capital outlay warrants (hereinafter referred to as "warrants" or "construction/bond fund warrants") which were subsequently sold to investors.

An SID levies annual real estate taxes to pay its annual operating expenses and to help pay for the cost of public improvements. The portion of the annual real estate taxes used to pay an SID's annual operating expenses are paid to its general fund and the portion of the annual real estate taxes used to help pay the cost of the SID's public improvements are paid to its construction/bond fund. An SID also levies special assessments against the real property benefitted for the cost of the installation of the public improvements in an amount and to the extent of special benefit to the property. The collected special assessments, taxes and other revenue together with proceeds from bond issues of the SID are also deposited in the bond fund. The cash in the bond fund is used to create a sinking fund to retire the bonds and redeem the SID's outstanding warrants.

Stratford Park subdivision as platted contains 399 total lots. The subdivision contains six outlots and 391 single-family lots, and two lots used for a community pool.  A map of the entire area platted is attached hereto as Exhibit "1" and is incorporated herein by this reference. The Stratford Park subdivision is owned and developed by Stratford Park Development, LLC, a Nebraska limited liability company.

**PRESENT DEBT, TAX BASE AND OTHER INFORMATION ABOUT SID #528**

According to its most recent Financial Statement with Independent Auditor's Report, a copy of which is attached hereto as Exhibit 2 and incorporated herein by this reference, SID #528 had outstanding liabilities as of June 30, 2010 of $12,072,887 of which $11,609,837 is outstanding construction/bond fund warrants; $339,365 is outstanding general fund warrants; $109,230 is accrued interest; and $14,455 is accounts payable. As of June 30, 2010, SID #528 had in its construction/bond fund cash and investments with accrued interest thereon of $1,345,422 and special assessments receivables with accrued interest thereon of $5,137,925. The 2010 actual value for tax purposes of all property in SID #528 (also called "Tax Base") is $10,735,700. Thus, the District has cash and investments plus special assessment receivables together with accrued interest of $6,483,347 that is approximately 55% of the District's total debt as of June 30, 2009. The balance of the debt, often called general obligation debt, which would have to be funded by ad valorem taxes, would then total $5,126,490 as of June 30, 2010.

Stratford Park currently has 34 single-family homes built or under construction as of September 1, 2010. If all 391 single family lots that are both platted and have their public infrastructure installed are constructed with an average valuation of $265,000 per lot, the total tax base would be approximately $103,615,000.

## PROBLEMS IN PAYING WARRANTS IN FULL

The problem in Stratford Park is the size of its indebtedness, lack of cash and cash equivalents and insufficient tax base. As of June 30, 2010, net deficit or general obligation would be $5,126,490 . This net deficit assumes that all special assessments and interest is payable immediately.  However, special assessments typically are paid when the lot is purchased from the developer.  The timing and receipt of these special assessments is uncertain and variable. At its current construction fund debt of $11,609,837, if nothing is changed, the outstanding debt at the current warrant interest rate of 7% would increase to $14,222,549 in three years.  At the current level, interest on the District's debt is accruing at $812,688 per year or $2226 per day. The interest accruing at this rate is unsustainable. The taxable valuation of SID 528 in 2010 tax year was $10,735,700.  For its next fiscal year, the District can levy a maximum of $0.40/$100 of assessed valuation in its general fund and $0.50/$100 of assessed valuation in its construction/bond fund.  At the 2010 valuation, a $0.50 bond fund levy would raise $53,678, which less the County Treasurer's 2% fee would be $52,604. Without a substantial decrease in the interest accruing on its debt, the District will be unable to retire its debt.

For the 2008-2009 tax year among SIDs in Douglas County that levy a bond tax levy, the average levy was $0.4687/$100.  For the tax year 2008-2009 among the top 100 SIDs in Douglas County the total tax levy of the 100th SID was $0.84/$100 and the highest tax levy was $1.30039/$100. Only the 10 highest SIDs had tax rates that exceeded approximately $0.90/$100. Among the 10 highest levies three are industrial, two are multifamily apartments, one is commercial, two are acreage developments, one is a large lake development and one is a traditional single-family development.  Among the 100 highest taxing SID's in Douglas County the typical highest total tax levy for a single-family development is $0.90/$100.

A tax rate that is excessively high and substantially above current average tax rates would keep away buyers and impair the ability of the District to reach full valuation within a reasonable period of time. In addition Nebraska Revised Statute section 31-755 clearly states that a sanitary

and improvement district need not levy an ad valorem real estate tax to fund the retirement of warrants which is unreasonably high when compared with other comparable property within the county.

## THE PLAN

The Plan provides that in exchange for all of the warrants, the warrant holders on a pro-rata basis receive the following:

a.     <u>Class A Bond</u>.  A Class A Bond will be issued to each construction fund warrant holder in the face amount of the construction fund warrant(s) delivered, plus any accrued and unpaid interest thereon through December 1, 2010.  Owners of multiple construction fund warrants may be converted into a single Class A Bond. The Class A Bonds shall thereafter pay simple interest at a rate of Three and 25/100ths  (3.25%) percent annually thereafter, subject to the terms of this Plan.  The Class A Bonds shall be non-contingent bonds subject to full payment of principal and interest.  The Class A Bonds shall not be subject to the terms and conditions of Neb. Rev. Stat. § 31-755 except to the extent that it requires payment in full to the holders of Class A Bonds.  No Class A Bond shall have priority over any other Class A Bond. An opinion as to the tax exempt status of the Class A Bond will be sought from Baird Holm LLP.

b.     <u>Class B Certificate of Indebtedness</u>.  A Class B Certificate of Indebtedness will be issued to each construction fund warrant holder who is issued a Class A Bond.  One Class B Certificate of Indebtedness will be issued for each Class A Bond issued. Each Class B Certificate of Indebtedness shall not be separated from its Class A Bond.  Each Class B Certificate of Indebtedness will be issued with no principal value and will represent an accrual of simple interest on the outstanding principal on the corresponding Class A Bond.  At the end of each year, the disbursing agent will credit to the account of each Class B Certificate of Indebtedness simple interest at a rate of Three and 75/100ths (3.75%) percent on the outstanding principal balance on the Class A Bond.  The Class B Certificate of Indebtedness shall be subject to the payment terms set forth in this Plan and are not conferred priority or guarantee of payment under Neb. Rev. Stat. § 31-755.  The Class B Certificate of Indebtedness is a contingent bond and subject to cancellation at the

expiration of its term, whether paid or unpaid. No payment shall be made on any Class B
Certificate of Indebtedness until all Class A Bonds together with accrued interest have
been paid in full.

SID #528 shall, following the date of confirmation of this Plan by the Bankruptcy
Court and delivery of warrants to the disbursing agent, make the following disbursements from
the construction/bond fund of the District a) the paragraph 4 administrative costs and any
disbursing agent fees; b) an amount equal to all of the outstanding general fund warrants plus
accrued interest (the total outstanding general fund warrants is estimated to be approximately
$390,000.00 Dollars though the exact amount will not be known until the time of transfer); and
c) a transfer to the general (operating) fund of SID #528 of Three Hundred Thousand and
No/100ths ($300,000.00) Dollars.

SID #528 shall, subject to any limitation imposed by law and prior limitations and
cancellation provision set forth herein, on March 15th of each successive year, following the
balancing of SID #528's books by the Douglas County Treasurer as of December 31 of each year
deliver to the disbursing agent the funds necessary to pay interest on the Class A Bonds together
with any principal payment, reserving an amount necessary when taken together with the
anticipated ad valorem tax revenue to pay one and one-half years interest on the Class A Bonds
when due. Notwithstanding anything contrary in the foregoing, during years 2011, 2012, 2013
and 2014 all payments shall be interest only and no principal payments shall be made unless and
until the bond/construction sinking fund has received all of the special assessments levied by the
District or the bond/construction sinking fund has a balance in excess of $1,000,000.00 or when
the District's ad valorem real estate taxes exceed the amount necessary to pay the interest on the
Class A Bonds, whichever shall occur earlier.   All payments of principal on the Class A Bonds
shall be paid based upon the Class A bondholders pro-rata share of the total Class A Bonds.  SID
#528 shall levy taxes and collect revenue for its bond/construction fund for the purpose of
repaying the Class A Bondholders and the Class B Certificate of Indebtedness holders, if repaid
on or before the cancellation date set forth below, as follows:

(a)     The collection of any and all special assessments levied by SID #528
against properties located within its corporate boundaries together with any

miscellaneous revenues that by law, custom or usage are deposited in a sanitary and improvement district construction/bond fund.

(b)      Any ad valorem real estate taxes collected from a construction/bond fund levy of $0.50 for taxes that become delinquent in 2011, 2012, 2013 and 2014 and a levy of $0.65 annually thereafter throughout the term of the Class A Bonds and any bonds issued pursuant to section (c) below. In no event shall the construction/bond fund levy together with the general fund levy exceed $0.90 per $100 of taxable valuation.

(c)      The net proceeds from the issuance by SID #528 of bonds as directed by Kuehl Capital Corporation  ("KCC") the District's fiscal agent or its successors and assigns, which bonds shall be in an amount which can be issued on a level payment basis over a period of twenty (20) years, reserving a bond sinking fund equal to one-year's principal and interest requirement, the amortized proceeds of which together with an ad valorem tax levy in the amount as set forth in subparagraph (b) above on the then current SID # 528's tax base is sufficient to fund such bonds on a year to year basis. No separate reserve or replacement fund has been or will be established with respect to the above bonds.  The District reasonably anticipates that monies in its Bond Fund reasonably attributable to the above bonds in excess of the less of: (a) 10% of the net principal proceeds of the above bonds, (b) the maximum annual debt service due on the above bonds, or (c) 125% of average annual debt service due on the above bonds will be expended for payment of principal of and interest on the above bonds within 13 months after receipt of such monies.  That amount which is currently held in the District's Bond Fund which exceeds the amount which is to be expended for payment of principal and interest on the above bonds within 13 months after receipt of such monies, plus that amount arrived at pursuant to the immediately preceding sentence, will not be invested in any securities or any other investment obligations which bear a yield, as computed in accordance with the actuarial method, in excess of the yield on the above Bonds.

AT THE EARLIER OF THE DATE THE NET PROCEEDS FROM PARAGRAPHS (A) THROUGH (C) SHALL BE SUFFICIENT TO PAY ALL

THE CLASS A BONDS TOGETHER WITH ALL OF THE CLASS B CERTIFICATES OF INDEBTEDNESS ABOVE OR DECEMBER 31, 2022 ANY REMAINING CLASS B CERTIFICATES OF INDEBTEDNESS SHALL BE CANCELLED AND THE PROCEEDS FROM (A) THROUGH (C) THAT EXCEED THE PRINCIPAL AND INTEREST ON THE CLASS A BONDS SHALL BE DISTRIBUTED PRO RATA TO THE HOLDERS OF THE CLASS B CERTIFICATES OF INDEBTEDNESS, IF ANY, AND NO FURTHER PAYMENTS ON ACCOUNT THEREOF WILL BE MADE. ON DECEMBER 31, 2022 ALL OUTSTANDING CLASS B CERTIFICATES OF INDEBTEDNESS ONLY SHALL BECOME NULL AND VOID.

As of July 31, 2010, the general fund of SID #528 has a deficit of $339,365 that accrues interest at a rate of 7%. SID #528 has an obligation to maintain its infrastructure and to keep streetlights on and functioning and pay for its usual and customary operating expenses. It is imperative that the District is kept up in a manner similar to other District's in Douglas County. If the condition of the streets were left to deteriorate and things such as street lights were shut off, the obvious effect would be an inability of the developer to market and sell the lots, and ultimately would greatly impair the ability of the District to repay its creditors.

**CONFLICT**

THE LAW FIRM OF FULLENKAMP, DOYLE & JOBEUN REPRESENTS ON A REGULAR BASIS STRATFORD PARK DEVELOPMENT, LLC. STRATFORD PARK DEVELOPMENT, LLC AND SID #528 HAVE BEEN APPRISED OF THE CONFLICT AND HAVE CONSENTED TO OUR RETENTION AS COUNSEL TO SID #528 FOR FORMULATING THIS PLAN OF ADJUSTMENT. EACH OF YOU SHOULD REVIEW THE AUDITOR'S REPORT VERY CAREFULLY WITH A VIEW TOWARDS WHETHER OR NOT THIS PLAN IS IN YOUR BEST INTEREST.

**BALLOT**

The ballot, which is included in this package, allows you to vote for the Plan prior to the filing of the petition in bankruptcy. The United States Bankruptcy Court will probably confirm the Plan in the event that 50% of the warrant holders holding two-thirds of the debt vote to approve the Plan. The United States Bankruptcy Code allows for the District to solicit a vote on this plan prior to filing for protection under Chapter 9. SID #528 has solicited your vote prior to

filing for the reason that, if SID #528 can obtain the approval of more than half of the total number of warrant holders holding more than two-thirds of the debt prior to filing then, and in that event, the time frame for receiving Court confirmation of the Plan is substantially reduced. The District is hopeful that if it can obtain reasonably early confirmation, the existing area will be stabilized and will spur further building and development of tax base. In order for your vote to count, your ballot must be returned to Fullenkamp, Doyle & Jobeun on or before December 15, 2010.

If less than the required number of approval votes is received by that date, SID #528 will file the Plan and Disclosure Statement with the Court. You would then be entitled to recast your vote or vote for the first time if you didn't previously vote prior to the time set by the court.

Dated: December 13, 2010

SANITARY    AND    IMPROVEMENT DISTRICT    NO.    528    OF    DOUGLAS COUNTY, NEBRASKA,

Dated this 13 day of December, 2010

By: /s/Brian C. Doyle
Brian C. Doyle (#23001)
Fullenkamp, Doyle & Jobeun
11440 West Center Road
Omaha, Nebraska 68144
(402) 334-0700
Fax: (402)-334-0815
brian@fdjlaw.com
Attorney for said Debtor

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A MUNICIPALITY

      I, the authorized officer or an authorized agent of the municipality named as Debtor in this case, declare under penalty of perjury that I have read the foregoing Disclosure Statement and that it is true and correct to the best of information and belief.

Date December 13, 2010
By___/s/Chad LaMontagne_____
Name: Chad LaMontagne
Title: Chairman – Board of Trustees

**EXHIBIT "1"**



# FINAL PLAT OF
# STRATFORD PARK

LOTS 1 THRU 393, INCLUSIVE, AND OUTLOTS A THRU F, INCLUSIVE
LOCATED IN THE NORTHEAST QUARTER AND SOUTHEAST QUARTER OF SECTION 21, TOWNSHIP 16 NORTH,
RANGE 11 EAST OF THE 6TH P.M. DOUGLAS COUNTY, NEBRASKA

## DEDICATION

## ACKNOWLEDGMENT

## ACKNOWLEDGMENT

## SURVEYORS CERTIFICATE

## APPROVALS OF CITY ENGINEER OF OMAHA

## COUNTY ENGINEERS CERTIFICATE

## OMAHA CITY COUNCIL ACCEPTANCE

## COUNTY TREASURERS CERTIFICATE

## APPROVAL OF CITY PLANNING BOARD



EXHIBIT "2"

FINANCIAL STATEMENTS
WITH
INDEPENDENT AUDITORS' REPORT

SANITARY AND IMPROVEMENT DISTRICT NO. 528
DOUGLAS COUNTY, NEBRASKA

JUNE 30, 2010

CONTENTS

PAGE

INDEPENDENT AUDITORS' REPORT                                        1


BASIC FINANCIAL STATEMENTS

  GOVERNMENT-WIDE FINANCIAL STATEMENTS:

    STATEMENT OF NET ASSETS                                        2

    STATEMENT OF ACTIVITIES                                        3

  FUND FINANCIAL STATEMENTS:

    BALANCE SHEET                                                  4

    RECONCILIATION OF THE GOVERNMENTAL FUNDS
      BALANCE SHEET TO THE STATEMENT OF NET ASSETS                 5

    STATEMENT OF REVENUES, EXPENDITURES AND
      CHANGES IN FUND BALANCE                                      6

    RECONCILIATION OF THE STATEMENT OF REVENUES,
      EXPENDITURES AND CHANGES IN FUND BALANCE
      OF GOVERNMENTAL FUNDS TO THE STATEMENT OF
      ACTIVITIES                                                   7

  NOTES TO FINANCIAL STATEMENTS                                    8

REQUIRED SUPPLEMENTARY INFORMATION

  SCHEDULES OF REVENUES, EXPENDITURES AND CHANGES
    IN FUND BALANCE - BUDGET TO ACTUAL                            16


OTHER SUPPLEMENTARY INFORMATION

  INFORMATION REQUIRED BY SECTION 31-740,
    REISSUE REVISED STATUTES OF NEBRASKA, 2004                    17

  SUMMARY OF TAXES RECEIVABLE                                     17

  TRUSTEES AND RELATED BONDS                                      17


REPORT ON INTERNAL CONTROL OVER FINANCIAL
REPORTING AND ON COMPLIANCE AND OTHER
MATTERS BASED ON AN AUDIT OF FINANCIAL
STATEMENTS PERFORMED IN ACCORDANCE
WITH GOVERNMENT AUDITING STANDARDS                               18



JONES & LOWE PC
Certified Public Accountants and Consultants

## INDEPENDENT AUDITORS' REPORT

To the Board of Trustees
Sanitary and Improvement District No. 528
  Douglas County, Nebraska

We have audited the accompanying financial statements of the governmental activities, and each major fund of Sanitary and Improvement District No. 528 of Douglas County, Nebraska (a political subdivision) as of and for the year ended  June 30, 2010, which collectively comprise the District's basic financial statements, as listed in the table of contents.  These financial statements are the responsibility of the District's management. Our responsibility is to express an opinion on these financial statements based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America and the standards applicable to financial audits contained in *Government Auditing Standards,* issued by the Comptroller General of the United States.  Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatements.  An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements.  An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation.  We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the respective financial position of the governmental activities, and each major fund of Sanitary and Improvement District No. 528 of Douglas County, Nebraska as of June 30, 2010, and the respective changes in financial position thereof for the year then ended in conformity with accounting principles generally accepted in the United States of America.

In accordance with *Government Auditing Standards*, we have also issued a report dated December 6, 2010 on our consideration of Sanitary and Improvement District No. 528 of Douglas County's internal control over financial reporting and on our tests of its compliance with certain provisions of laws, regulations, contracts, and grant agreements and other matters.  The purpose of that report is to describe the scope of our testing of internal control over financial reporting and compliance and the results of that testing, and not to provide an opinion on the internal control over financial reporting or on compliance.  That report is an integral part of an audit performed in accordance with *Government Auditing Standards* and important for assessing the results of our audit.

**INDEPENDENT AUDITORS' REPORT - continued**

The Schedules of Revenues, Expenditures, and Changes in Fund Balances Budget and Actual-General and Debt Service Fund on page 16 are not a required part of the basic financial statements but are supplementary information required by accounting principles generally accepted in the United States of America.  We have applied certain limited procedures, which consisted principally of inquiries of management regarding the methods of measurement and presentation of the required supplementary information.  However, we did not audit the information and express no opinion on it.

Our audit was conducted for the purpose of forming opinions on the financial statements that collectively comprise the District's basic financial statements.  The other supplementary information on page 17 is presented for purposes of additional analysis and is not a required part of the basic financial statements.  Such information has been subjected to the auditing procedures applied in the audit of the basic financial statements and, in our opinion, is fairly stated in all material respects in relation to the basic financial statements taken as a whole.

The District has not presented Management's Discussion and Analysis, that accounting principles generally accepted in the United States of America has determined is necessary to supplement, although not required to be part of, the basic financial statements.

Omaha, Nebraska
December 6, 2010

Sanitary and Improvement District No. 528
Douglas County, Nebraska

GOVERNMENT-WIDE STATEMENT OF NET ASSETS

June 30, 2010

| | Primary Government<br>Governmental Activities |
|---|---|
| ASSETS: | |
| Cash on deposit - County Treasurer | $      23,596 |
| Taxes receivable (notes F and H) | 36,984 |
| Special assessment receivable | |
| (notes B and H) | 4,105,391 |
| Accrued interest on special assessments | 1,032,534 |
| Investments (note C) | 1,354,422 |
| Accrued interest on investments (note C) | 412 |
| Capital assets (note D): | |
| Infrastructure | 8,518,129 |
| Accumulated depreciation | (990,947) |
| | |
| Total assets | 14,080,521 |
| | |
| LIABILITIES: | |
| Accounts payable | 14,455 |
| Registered warrants payable (note E) | 339,365 |
| Accrued interest | 109,230 |
| Noncurrent liabilities (note E): | |
| Due within one year | 5,705,734 |
| Due in more than one year | 5,904,103 |
| | |
| Total liabilities | 12,072,887 |
| | |
| COMMITMENTS AND CONTINGENCIES (notes G and I) | - |
| | |
| NET ASSETS: | |
| Invested in capital assets, net of related debt | (4,082,655) |
| Restricted for debt service | 6,443,016 |
| Unrestricted | (352,727) |
| | |
| Total net assets | $ 2,007,634 |

The accompanying notes are an integral part of these statements.

-2-

Sanitary and Improvement District No. 528
Douglas County, Nebraska

GOVERNMENT-WIDE STATEMENT OF ACTIVITIES

Year Ended June 30, 2010

| Program Activities | Expenses | Program Revenues | Net (Expenses) Revenue and Changes In Net Assets Governmental Activities |
|---|---|---|---|
| Governmental activities | | | |
| General | $ 120,059 | $ - | $ (120,059) |
| Debt service | 2,559 | - | (2,559) |
| Depreciation | 296,375 | - | (296,375) |
| Interest on long-term debt | 763,805 | - | (763,805) |
| Total government | $1,182,798 | $ - | (1,182,798) |

| | |
|---|---|
| General revenues: | |
| Property taxes | 82,355 |
| State motor vehicle tax allocation | 183 |
| Interest on taxes | 141 |
| Property tax credit allocation | 2,636 |
| Connection fees | 7,576 |
| Interest on special assessments | 313,091 |
| Interest on investments | 1,440 |
| Total general revenues | 407,422 |
| Change in net assets | (775,376) |
| Net assets at beginning of year | 2,783,010 |
| Net assets at end of year | $ 2,007,634 |

The accompanying notes are an integral part of these statements.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

BALANCE SHEET - GOVERNMENTAL FUNDS

June 30, 2010

ASSETS

|  | General Fund | Debt Service Fund | Total Governmental Funds |
|---|---|---|---|
| ASSETS: |  |  |  |
| Cash on deposit - County Treasurer | $ 7,872 | $ 15,724 | $ 23,596 |
| Taxes receivable (notes F and H) | 36,984 | - | 36,984 |
| Special assessment receivable (notes B and H) | - | 4,105,391 | 4,105,391 |
| Accrued interest on special assessments | - | 1,032,534 | 1,032,534 |
| Investments (note C) | - | 1,354,422 | 1,354,422 |
| Accrued interest on investments (note C) | - | 412 | 412 |
| Total assets | $ 44,856 | $6,508,483 | $6,553,339 |

LIABILITIES AND FUND BALANCES

|  | General Fund | Debt Service Fund | Total Governmental Funds |
|---|---|---|---|
| LIABILITIES: |  |  |  |
| Accounts payable | $ 14,455 | $ - | $ 14,455 |
| Registered warrants payable (note E) | 339,365 | - | 339,365 |
| Accrued interest on registered warrants | 43,763 | 65,467 | 109,230 |
| Deferred revenue | - | 5,137,925 | 5,137,925 |
| Total liabilities | 397,583 | 5,203,392 | 5,600,975 |
| COMMITMENTS AND CONTINGENCIES (notes G and I) | - | - | - |
| Fund balance (deficit): |  |  |  |
| Reserved for debt service | - | 1,305,091 | 1,305,091 |
| Unreserved | (352,727) | - | (352,727) |
| Total fund balance (deficit) | (352,727) | 1,305,091 | 952,364 |
| Total liabilities and fund balance | $ 44,856 | $6,508,483 | $6,553,339 |

The accompanying notes are an integral part of these statements.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

RECONCILIATION OF THE GOVERNMENTAL FUNDS
BALANCE SHEET TO THE STATEMENT OF NET ASSETS

June 30, 2010

Total fund balance - total governmental funds                          $      952,364

Amounts reported for governmental activities in the
  Statement of Net Assets are different because:

    — Capital assets used in governmental activities
      are not current financial resources and
      therefore are not reported in the governmental
      funds balance sheet.                                         7,527,182

    — Long term liabilities are not due and payable in
      the current period and, therefore, they are not
      reported in the governmental funds balance sheet.

          Due within one year            $(5,705,734)
          Due in more than one year       (5,904,103)    (11,609,837)

    — Deferred income related to special assessments
      is required under modified accrual in the
      governmental funds balance sheet but not
      under full accrual accounting in the
      government-wide statement of net assets.                     5,137,925

Net Assets of Governmental Activities                                  $    2,007,634


The accompanying notes are an integral part of these statements.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

STATEMENT OF REVENUES, EXPENDITURES AND CHANGES IN FUND BALANCE
GOVERNMENTAL FUNDS

Year Ended June 30, 2010

|  | General Fund | Debt Service Fund | Total Governmental Funds |
|---|---|---|---|
| REVENUES: |  |  |  |
| Taxes assessed (note F) | $  82,355 | $         - | $  82,355 |
| State motor vehicle tax allocation | 183 | - | 183 |
| Interest on taxes | 141 | - | 141 |
| Property tax credit allocation | 2,636 | - | 2,636 |
| Interest on investments | - | 1,440 | 1,440 |
| Special assessments | - | 104,374 | 104,374 |
| Interest on special assessments | - | 23,610 | 23,610 |
| Connection fees | - | 7,576 | 7,576 |
| Total revenues | 85,315 | 137,000 | 222,315 |
| EXPENDITURES: |  |  |  |
| Interest on registered warrants | 23,322 | - | 23,322 |
| Legal and accounting fees | 15,387 | - | 15,387 |
| Trustee bonds and insurance | 3,397 | - | 3,397 |
| Collection fees - County Treasurer | 1,510 | 2,559 | 4,069 |
| Maintenance and engineering | 36,625 | - | 36,625 |
| Electricity | 34,591 | - | 34,591 |
| Trustee fees | 1,200 | - | 1,200 |
| Fiscal agent fees | 3,935 | - | 3,935 |
| Payroll tax expense | 92 | - | 92 |
| Debt service: |  |  |  |
| Interest charges | - | 763,805 | 763,805 |
| Total expenditures | 120,059 | 766,364 | 886,423 |
| DEFICIENCY OF REVENUES OVER EXPENDITURES | (34,744) | (629,364) | (664,108) |
| OTHER FINANCING SOURCES (USES): |  |  |  |
| Issuance of long-term debt | - | 759,522 | 759,522 |
| EXCESS (DEFICIENCY) OF REVENUES OVER EXPENDITURES AND OTHER USES | (34,744) | 130,158 | 95,414 |
| FUND BALANCE (DEFICIT), BEGINNING OF YEAR | (317,983) | 1,174,933 | 856,950 |
| FUND BALANCE (DEFICIT), END OF YEAR | $(352,727) | $1,305,091 | $  952,364 |

The accompanying notes are an integral part of these statements.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

RECONCILIATION OF THE STATEMENT OF REVENUES,
EXPENDITURES AND CHANGES IN FUND BALANCE OF
GOVERNMENTAL FUNDS TO THE STATEMENT OF ACTIVITIES

Year Ended June 30, 2010

| | |
|---|---|
| Net change in fund balance - total governmental funds | $ 95,414 |

Amounts reported for governmental activities in the
statement of activities are different because:

- Depreciation expense on capital assets is
  reported in the government-wide statement
  of activities and changes in net assets,
  but they do not require the use of current
  financial resources.  Therefore, depreciation
  expense is not reported as an expenditure in
  the governmental funds.                                         (296,375)

- The issuance of long-term debt (e.g. bonds)
  provides current financial resources to
  governmental funds, while the repayment of
  the principal of long-term debt consumes the
  current financial resources of governmental
  funds.  Neither transaction, however, has
  any effect on net assets.  Also, governmental
  funds report the effect of issuance cost,
  premiums, discounts, and similar items when
  debt is first issued, whereas the amounts are
  deferred and amortized in the statement of
  activities.  This amount is the net effect of
  these differences in the treatment of
  long-term debt and related items.                               (759,522)

- Special assessments and related interest are
  recorded as modified accrual for governmental
  funds and full accrual for government-wide
  statements resulting in this difference.                         185,107

Change in Net Assets of Governmental Activities                  $(775,376)

The accompanying notes are an integral part of these statements.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

NOTES TO FINANCIAL STATEMENTS

June 30, 2010

NOTE A - SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES

This summary of significant accounting policies of Sanitary and
Improvement District No. 528 of Douglas County, Nebraska is presented
to assist in understanding the District's financial statements.  The
financial statements and notes are representations of the trustees
of the District, who are responsible for their integrity and
objectivity.  These accounting policies conform in all material
respects to accounting principles generally accepted in the United
States of America, as promulgated by the American Institute of Certified
Public Accountants' Industry Audit Guide, <u>Audits of State and Local
Government Units</u>, and have been consistently applied in the preparation
of the financial statements.

History and business activity

The District is a governmental subdivision, created pursuant to
Nebraska law, to act as a vehicle for the construction of roads,
utilities and similar improvements.  The Board of Trustees, consisting
of five members, has the power to provide financing for such
improvements and has authority to:  issue warrants for construction
work and services, contract with financial institutions for conversion
of warrants to cash, and to levy both special assessments and general
taxes against property in the District to pay off warrants and bonds
issued by the District.

Estimates

The process of preparing financial statements in conformity with
accounting principles generally accepted in the United States of
America requires the use of estimates and assumptions regarding certain
types of assets, liabilities, revenues, and expenses.  Such estimates
primarily relate to unsettled transactions and events as of the date
of the financial statements.  Accordingly, upon settlement, actual
results may differ from estimated amounts.

Reporting entity

The accompanying financial statements present the District's primary
governmental unit and do not include any component units because the
District does not exercise financial accountability over any separate
units.  Financial accountability is based primarily on operational
or financial relationships with the District.

Basis of Presentation

The government-wide financial statements (the statement of net assets
and the statement of changes in net assets) report information on all
of the activities of the District.  Governmental activities, which
normally are supported by taxes and intergovernmental revenues, are
reported separately from business-type activities, which rely to a
significant extent on fees and charges for support.

-8-

Sanitary and Improvement District No. 528
Douglas County, Nebraska

NOTES TO FINANCIAL STATEMENTS - CONTINUED

June 30, 2010

NOTE A - SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

Basis of Presentation - Continued

The statement of activities demonstrates the degree to which the direct expenses of a given program are offset by program revenues. Direct expenses are those that are clearly identifiable with a specific program. Program revenues include 1) charges to customers or applicants who purchase, use, or directly benefit from goods, services, or privileges provided by a given program and 2) operating or capital grants and contributions that are restricted to meeting the operational or capital requirements of a particular program. Taxes and other items not properly included among program revenues are reported instead as general revenues.

Fund Financial Statements

The District segregates transactions related to certain functions or activities in separate funds in order to aid financial management and to demonstrate legal compliance. Separate statements are presented for governmental and proprietary activities. These statements present each major fund as a separate column on the fund financial statements.

Governmental funds are those funds through which most governmental functions typically are financed. The measurement focus of governmental funds is on the sources, uses and balance of current financial resources. The District has presented the following major governmental funds:

General Fund

General Fund is the main operating fund of the District. This fund is used to account for all financial resources not accounted for in other funds. All general tax revenues and other receipts that are not restricted by law or contractual agreement to some other fund are accounted for in this fund. General operating expenditures, fixed charges and capital improvement costs that are not paid through other funds are paid from the General Fund.

Debt Service Fund

Debt Service Fund is used to account for the accumulation of financial resources for the payment of principal, interest, and related costs on general long-term debt paid primarily from taxes levied by the District. The fund balance of the Debt Service Fund is reserved to signify the amounts that are restricted exclusively for debt service expenditures.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

NOTES TO FINANCIAL STATEMENTS - CONTINUED

June 30, 2010

NOTE A - SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

Measurement Focus/Basis of Accounting

Measurement focus refers to what is being measured; basis of accounting refers to when revenues and expenditures are recognized in the accounts and reported in the financial statements.   Basis of accounting relates to the timing of the measurement made, regardless of the measurement focus applied.

The government-wide statements are reported using the economic resources measurement focus and the accrual basis of accounting.   The economic resources measurement focus means all assets and liabilities (whether current or non-current) are included on the statement of net assets and the operating statements present increases (revenues) and decreases (expenses) in net total assets.   Under the accrual basis of accounting, revenues are recognized when earned.   Expenses are recognized at the time the liability is incurred.

Governmental fund financial statements are reported using the current financial resources measurement focus and are accounted for using the modified accrual basis of accounting.   Under the modified accrual basis of accounting, revenues are recognized when susceptible to accrual; i.e., when they become both measurable and available.   "Measurable" means the amount of the transaction can be determined and "available" means collectible within the current period or soon enough thereafter to be used to pay liabilities of the current period.   The District considers property taxes as available if they are collected within 60 days after year end.   A one-year availability period is used for recognition of all other Governmental Fund revenues.   Expenditures are recorded when the related fund liability is incurred.   However, debt service expenditures are recorded only when payment is due.

The revenues susceptible to accrual are property taxes and interest income.   All other governmental fund revenues are recognized when received.

Investments

Investments are carried at cost, which approximates market, and any premium or discount on investments are amortized on the straight-line method from date of purchase to date of maturity.   These deposits were covered with sufficient assets pledged to the Douglas County by the financial institutions at June 30, 2010.

Infrastructure

Infrastructure is carried at cost plus interest on warrants while construction is in progress.   Depreciation is provided using the straight-line method over estimated lives ranging from 25 to 40 years.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

NOTES TO FINANCIAL STATEMENTS - CONTINUED

June 30, 2010

NOTE A - SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

Budget and Budgetary Accounting

The District is required to adopt an annual operating budget for all
the funds over which the District controls.  The budget is adopted
using a cash basis of accounting which differs significantly from
generally accepted accounting principles.  Under the cash basis of
accounting, revenues and expenditures are recorded when cash is
received or paid.  Payment is deemed to have been made when warrants
are issued.

The District follows these procedures in establishing the budgetary
data reflected in the financial statements:

   (a)  In September of each year the District submits a proposed
        operating budget for all funds to the real estate owners of
        the District.
   (b)  Notice of place and time of public hearings must be published
        prior to the public hearings.
   (c)  Public hearings are conducted to obtain taxpayer comment.
   (d)  After publication and hearing, the budget is legally adopted
        by majority vote of the Board.  The District is required to
        file a copy of the adopted budget with the County Clerk and
        the Nebraska Auditor of Public Accounts in accordance with the
        Nebraska Budget Act.
   (e)  The budget is adopted on a per-fund basis and budgetary control
        is exercised at the fund level.
   (f)  The Board of Trustees may authorize supplemental appropriations
        during the year.  No such appropriations were made during the
        fiscal year ended June 30, 2010.
   (g)  The accompanying combined statements of revenues, expenditures,
        and changes in fund balances - Budget and Actual - General and
        Debt Service Fund presents comparisons of the legally adopted
        budget with actual data on a budgetary basis.  Because
        accounting principles applied for purposes of developing data
        on a budgetary basis differ significantly from those used to
        present financial statements in conformity with generally
        accepted accounting principles (GAAP), a reconciliation of
        resultant basis, timing, perspective, and entity differences
        in the excess (deficiency) of revenues and other sources of
        financial resources over expenditures and other uses of
        financial resources for the year ended June 30, 2010 is presented
        as follows:

Sanitary and Improvement District No. 528
Douglas County, Nebraska

NOTES TO FINANCIAL STATEMENTS - CONTINUED

June 30, 2010

NOTE A - SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES - CONTINUED

Budget and Budgetary Accounting - Continued

|  | General Fund | Debt Service Fund |
|---|---|---|
| Excess (deficiency) of revenues and other sources of financial resources over expenditures and other uses of financial resources (budgetary basis) | $(14,116) | $134,336 |
| Adjustments: |  |  |
| To adjust revenues for receivables | 8,322 | (445) |
| To adjust expenditures for payables and accruals | (20,526) | (3,733) |
| To adjust for variance in recognition of items for other financing sources (uses) | (8,424) | - |
| Excess (deficiency) of revenues and other sources of financial resources over expenditures and other uses of financial resources (GAAP basis) | $(34,744) | $130,158 |

Net Assets

Net assets represent the difference between assets and liabilities.
Net assets invested in capital assets, net of related debt consists
of capital assets, net of accumulated depreciation, reduced by the
outstanding balances of any borrowing used for the acquisition,
construction or improvements of those assets, and adding back unspent
proceeds.   Net assets are reported as restricted when there are
limitations imposed on their use either through the enabling
legislations adopted by the District or through external restrictions
imposed by creditors, grantors or laws or regulations of other
governments.

NOTE B - SPECIAL ASSESSMENTS RECEIVABLE

Special assessments were levied in the amount of $4,522,887 on January
23, 2007 against certain properties within the District in connection
with the construction of improvements.   Special assessments are due
in ten annual installments and bear interest at 7.5% per annum until
delinquent and 9.5% per annum thereafter until paid.

NOTES TO FINANCIAL STATEMENTS - CONTINUED

June 30, 2010

NOTE C - INVESTMENTS

The District is allowed to invest funds as permitted by Nebraska Statute 77-2341, R.R.S., 2003, and generally include U.S. government obligations, certificates of deposit, and time deposits. During the period ended June 30, 2010, the District invested in U.S. Treasury Bills.

Investments consist of the following at June 30, 2010:

|  | Face Value | Cost | Accrued Interest |
|---|---|---|---|
| U.S. Treasury bill, held by U.S. Bank, matures July 22, 2010. | $1,050,000 | $1,049,601 | $348 |
| U.S. Treasury bill, held by U.S. Bank, matures September 16, 2010. | 30,000 | 29,982 | 10 |
| U.S. Treasury bill, held by U.S. Bank, matures October 21, 2010. | 245,000 | 244,857 | 51 |
| U.S. Treasury bill, held by U.S. Bank, matures November 18, 2010. | 30,000 | 29,982 | 3 |
|  | $1,355,000 | $1,354,422 | $412 |

All investments activities are conducted through the District's fiscal agent, the County Treasurer. Treasury bills are bought and held in safekeeping through the County Treasurer in the District's name. These securities are classified as Level 1 in the fair value hierarchy as indicated in ASC 820-10.

The market value of the above investments is $1,354,763 as of June 30, 2010.

Investment risks that the District may be subject to consist of:

Interest Rate Risk - Since the District's investments are short-term, this risk is minimized at June 30, 2010.

Custodial Credit Risk - Investments are held by a bank in the District's name and therefore, the District was not exposed to this risk at June 30, 2010.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

NOTES TO FINANCIAL STATEMENTS - CONTINUED

June 30, 2010

## NOTE D - CAPITAL ASSETS

At June 30, 2010, capital assets consist of the following:

| | July 1, 2009 | Additions | June 30, 2010 |
|---|---|---|---|
| Infrastructure: | | | |
| Sanitary sewer | $3,123,080 | $ - | $3,123,080 |
| Paving and storm sewer | 2,928,849 | - | 2,928,849 |
| Water system | 2,064,117 | - | 2,064,117 |
| Power system | 402,083 | - | 402,083 |
| | 8,518,129 | - | 8,518,129 |
| Accumulated depreciation | (694,572) | (296,375) | (990,947) |
| | $7,823,557 | $(296,375) | $7,527,182 |

Depreciation expense totaled $296,375 for the year ended June 30, 2010.

## NOTE E - REGISTERED WARRANTS

At June 30, 2010, the District has registered warrants outstanding for operating expenses and construction costs. The warrants bear interest at 7%. No interest on warrants for construction costs has been capitalized for the year ended June 30, 2010.

Aggregate maturities of registered warrants are as follows:

| | General Fund | Long-Term Debt | Total |
|---|---|---|---|
| 2011 | $163,112 | $ 5,705,734 | $ 5,868,846 |
| 2012 | 93,611 | 3,273,342 | 3,366,953 |
| 2013 | 82,642 | 1,106,285 | 1,188,927 |
| 2014 | - | 764,954 | 764,954 |
| 2015 | - | 759,522 | 759,522 |
| | $339,365 | $11,609,837 | $11,949,202 |

## NOTE F - TAX LEVY

The District levied taxes for 2009-2010 at the rate of $.90 per $100 on an estimated 100% property valuation of $9,441,400.

Property taxes are levied in September and attach as an enforceable lien on the assessed property as of December 31. The first half payment becomes delinquent April 1 of the following year and the second half payment becomes delinquent August 1 of the following year. The Douglas County Treasurer bills and collects all property taxes for the District.

Sanitary and Improvement District No. 528
Douglas County, Nebraska

NOTES TO FINANCIAL STATEMENTS - CONTINUED

June 30, 2010

NOTE G - COMMITMENTS

The District has entered into an agreement with Omaha Public Power
District (OPPD) under which OPPD is to furnish street lighting to the
District.  The cost to the District for this service for fiscal 2011
is estimated to be approximately $35,000.

NOTE H - CREDIT RISK

Receivables for property taxes and special assessments are due from
property owners within the boundaries of the District located in Douglas
County, Nebraska.

NOTE I - RISK MANAGEMENT

The District is exposed to various risks of loss, including those
related to torts; theft of, damage to, and destruction of assets; errors
and omissions;  injuries  to  employees;  and  natural  disasters.
Significant losses are covered by commercial insurance for all
programs.  There have been no significant reductions in insurance
coverage.  Settlement amounts have not exceeded insurance coverage
for the current year or the three prior years.

NOTE J - SUBSEQUENT EVENTS

Subsequent  to  year-end,  the  District  was  preparing  a  plan  of
reorganization  to be filed under Chapter 9 of the United States
Bankruptcy Code.  The plan, which has not been finalized nor
accepted by the U.S. Bankruptcy Court, tentatively calls for the
issuance of bonds to replace the debt service fund warrants and the
issuance of additional contingent bonds to augment the interest rate
of the initial bonds.

It also calls for the utilization of funds currently held by the debt
service fund to provide working capital for the general fund, retire
existing general fund warrants and provide a reserve for future debt
service interest payments.

Due to the tentative status of the plan of reorganization, no
adjustments have been made to the June 30, 2010 financial statements.

REQUIRED SUPPLEMENTARY INFORMATION
(OTHER THAN MD & A)

SCHEDULES OF REVENUES, EXPENDITURES, AND CHANGES IN FUND BALANCES
BUDGET AND ACTUAL - GENERAL AND DEBT SERVICE FUND

Douglas County, Nebraska

SCHEDULES OF REVENUES, EXPENDITURES, AND CHANGES IN FUND BALANCES
BUDGET AND ACTUAL - GENERAL AND DEBT SERVICE FUND

For The Year Ended June 30, 2010

|  | GENERAL FUND (NON GAAP) | | |
|  | Original And Final Budget | Actual | Variance Favorable (Unfavorable) |
|---|---|---|---|
| REVENUES: | | | |
| Taxes collected | $ 84,972 | $ 74,033 | $(10,939) |
| State motor vehicle tax allocation | 200 | 183 | (17) |
| Property tax credit allocation | - | 2,636 | 2,636 |
| Interest on taxes | - | 141 | 141 |
| Interest on investments | - | - | - |
| Special assessments and interest | - | - | - |
| Connection fees | - | - | - |
| Total revenues | 85,172 | 76,993 | (8,179) |
| EXPENDITURES: | | | |
| Interest on registered warrants | 10,000 | 15,341 | (5,341) |
| Legal and accounting fees | 14,000 | 15,387 | (1,387) |
| Trustee fees | 1,400 | 1,200 | 200 |
| Fiscal agent fees | 5,000 | 3,935 | 1,065 |
| Maintenance and engineering | 45,000 | 30,283 | 14,717 |
| Electricity | 30,000 | 28,348 | 1,652 |
| Trustee bonds and insurance | 3,000 | 3,397 | (397) |
| Collection fees - County Treasurer | 1,666 | 1,550 | 116 |
| Payroll tax expense | - | 92 | (92) |
| Total expenditures | 110,066 | 99,533 | 10,533 |
| Excess (deficiency) of revenues over expenditures | (24,894) | (22,540) | 2,354 |
| OTHER FINANCING SOURCES (USES): | | | |
| Proceeds from warrants issued | 98,400 | 82,642 | (15,758) |
| Payment of registered warrants | (85,000) | (74,218) | 10,782 |
| EXCESS (DEFICIENCY) OF REVENUES OVER EXPENDITURES AND OTHER USES | $(11,494) | (14,116) | $ (2,622) |
| FUND BALANCE, BEGINNING OF YEAR | | 21,988 | |
| FUND BALANCE, END OF YEAR | | $ 7,872 | |

DEBT SERVICE FUND
(NON GAAP)

| Original And Final Budget | Actual | Variance Favorable (Unfavorable) |
|---|---|---|
| $          - | $          - | $          - |
| - | - | - |
| - | - | - |
| - | - | - |
| 12,000 | 1,885 | (10,115) |
| 70,000 | 127,984 | 57,984 |
| 10,000 | 7,576 | (2,424) |
| 92,000 | 137,445 | 45,445 |
| 763,000 | 759,522 | 3,478 |
| - | - | - |
| - | - | - |
| - | - | - |
| - | - | - |
| - | - | - |
| 1,400 | 3,109 | (1,709) |
| - | - | |
| 764,400 | 762,631 | 1,769 |
| (672,400) | (625,186) | 47,214 |
| 763,000 | 759,522 | (3,478) |
| - | - | - |
| $   90,600 | 134,336 | $ 43,736 |
| | 1,235,810 | |
| | $1,370,146 | |

OTHER SUPPLEMENTARY INFORMATION

Sanitary and Improvement District No. 528
Douglas County, Nebraska

INFORMATION REQUIRED BY SECTION 31-740,
REISSUE REVISED STATUTES OF NEBRASKA, 2004

Year Ended June 30, 2010

| | |
|---|---:|
| Gross revenues from all sources | $222,315 |
| Gross revenues from all sources from previous period | $132,051 |
| Amount spent for sewage disposal | None |
| Amount expended on water mains | None |
| Gross amount of sewage processed | None |
| Cost per thousand gallons of processing sewage | None |
| Amount expended for: | |
| Maintenance and repairs | $ 15,595 |
| New equipment | None |
| New construction work (incl. water mains) | None |
| Property purchased | None |
| Number of employees | One |
| Salaries and fees paid employees | $ 1,200 |
| Total amount of taxes levied upon the property within the District | $ 82,355 |

SUMMARY OF TAXES RECEIVABLE

| Receivable at July 1, 2009 | Tax Levied | Collected | Receivable at June 30, 2010 |
|---|---|---|---|
| $28,662 | $82,355 | $74,033 | $36,984 |

TRUSTEE AND RELATED BONDS

| Trustees | | Bonds | |
|---|---|---|---|
| Name | Office | Insurer | Amount |
| Chad LaMontagne | Chairman | Universal Surety | $5,000 |
| Jana Faller | Clerk | Universal Surety | $20,000 |
| Barb Shaw | Trustee | – | None |
| Julie Minino | Trustee | – | None |
| Diane Udes | Trustee | – | None |



## JONES & LOWE PC
### Certified Public Accountants and Consultants

**INDEPENDENT AUDITORS' REPORT ON INTERNAL CONTROL OVER
FINANCIAL REPORTING AND ON COMPLIANCE AND OTHER MATTERS
BASED ON AN AUDIT OF FINANCIAL STATEMENTS PERFORMED
IN ACCORDANCE WITH *GOVERNMENT AUDITING STANDARDS***

To the Board of Trustees
Sanitary and Improvement District No. 528
  of Douglas County, Nebraska

We have audited the financial statements of Sanitary and Improvement
District No. 528 of Douglas County, Nebraska as of and for the year ended
June 30, 2010, and have issued our report thereon dated December 6, 2010.
We conducted our audit in accordance with auditing standards generally
accepted in the United States of America and the standards applicable to
financial audits contained in *Government Auditing Standards*, issued by
the Comptroller General of the United States.

<u>Internal Control Over Financial Reporting</u>

In planning and performing our audit, we considered Sanitary and Improvement
District No. 528's internal control over financial reporting as a basis
for designing our auditing procedures for the purpose of expressing our
opinion on the financial statements, but not for the purpose of expressing
an opinion on the effectiveness of Sanitary and Improvement District No.
528's internal control over financial reporting.  Accordingly, we do not
express an opinion on the effectiveness of the Sanitary and Improvement
District No. 528's internal control over financial reporting.

Our consideration of internal control over financial reporting was for
the limited purpose described in the preceding paragraph and would not
necessarily identify all deficiencies in internal control over financial
reporting that might be significant deficiencies or material weaknesses.
However, as discussed below, we identified the following deficiency in
internal control over financial reporting that we consider to be significant
deficiency.

The district does not have the ability to prepare financial statements
in accordance with accounting principles generally accepted in the United
States of America.  Sanitary and Improvement District No. 528 of Douglas
County's response to this finding is that the aforementioned circumstances
is not unusual in a governmental entity of their size and that the costs
of correcting this deficiency would exceed the benefits to be derived
therefrom.  The District's management has also informed us that they are
willing to accept the degree of risk associated with this condition.

A control deficiency exists when the design or operation of a control does not allow management or employees, in the normal course of performing their assigned functions, to prevent or detect misstatements on a timely basis. A significant deficiency is a control deficiency, or combination of control deficiencies, that adversely affects the Sanitary and Improvement District No. 528's ability to initiate, authorize, record, process, or report financial data reliably in accordance with generally accepted accounting principles such that there is more than a remote likelihood that a misstatement of the Sanitary and Improvement District No. 528's financial statements that is more than consequential will not be prevented or detected by the Sanitary and Improvement District No. 528's internal control.  We consider the deficiency described above to be significant deficiency in internal control over financial reporting.

A material weakness is a significant deficiency, or combination of significant deficiencies, that results in more than a remote likelihood that a material misstatement of the financial statements will not be prevented or detected by the Sanitary and Improvement District No. 528's internal control.

Our consideration of the internal control over financial reporting was for the limited purpose described in the first paragraph of this section and would not necessarily identify all deficiencies in the internal control that might be significant deficiencies and accordingly, would not necessarily disclose all significant deficiencies that are also considered to be material weaknesses.  However, we believe that the significant deficiency described above is not a material weakness.

Compliance and Other Matters

As part of obtaining reasonable assurance about whether Sanitary and Improvement District No. 528's financial statements are free of material misstatement, we performed tests of its compliance with certain provisions of laws, regulations, contracts, and grants, noncompliance with which could have a direct and material effect on the determination of financial statement amounts.  However, providing an opinion on compliance with those provisions was not an objective of our audit, and accordingly, we do not express such an opinion.  The results of our tests disclosed no instance of noncompliance that is required to be reported under *Government Auditing Standards*.

This report is intended solely for the information and use of the Board of Trustees and the Nebraska Auditor of Public Accounts, and is not intended to be and should not be used by anyone other than these specified parties.

Jones & Howe, P.C.

Omaha, Nebraska
December 6, 2010